FILED
United States Court of Appeals
Tenth Circuit

November 21, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DANNY D. HOPPER,

     Plaintiff - Appellant,

v.

EDDIE J. WYANT; TRACI CAIN;
CHRISTY WRIGHT; SUSA HOPPER;
JAMES HANKINS; COYLE LAW
FIRM; CIMARRON
CORRECTIONAL FACILITY; DON
POPE & ASSOCIATES; TERRELL
CROSSON; CAROLINE WEAVER;
STEVEN VENTURI,

     Defendants - Appellees.

No. 12-5103
(D.C. No. 11-CV-00545-TCK-FHM)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

Plaintiff-Appellant Danny D. Hopper, a former Oklahoma state prisoner

appearing pro se, filed a lengthy civil rights complaint against several defendants

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

arising out of his plea, conviction, and incarceration. The district court determined that the claims were time-barred by the applicable two-year limitation period and declined to apply equitable tolling; the court also held that the defendant correctional facility was not a proper defendant. Hopper v. Wyant, No. 11–CV–545–TCK–FMH, 2012 WL 1899788 (N.D. Okla. May 24, 2012). We have considered each of Mr. Hopper's claims, and we affirm substantially for the reasons given by the district court.

Mr. Hopper recognizes that his claims filed August 31, 2011 were untimely, and we agree with the district court's determination that equitable tolling does not apply. See Credit Suisse Sec. (USA) LLC v. Simmonds, 132 S. Ct. 1414, 1419–20 (2012) (discussing equitable tolling). Mr. Hopper contends that virtually every encounter he had (concerning the criminal justice system) resulted in some type of fraudulent concealment, but this simply is not plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (complaint must demonstrate more than a mere possibility that defendant acted improperly). Moreover, Mr. Hopper repeatedly filed motions challenging his sentence and seeking access to records during his imprisonment. See, e.g., R. 294–97.

Mr. Hopper argues that certain claims were timely under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that a § 1983 cause of action which necessarily challenges the validity of a conviction or sentence does not arise until that conviction or sentence is invalidated or called into question. See id. at 486–87. Mr. Hopper argues that, because his federal habeas petition was

not dismissed until January 22, 2010, his § 1983 claims did not arise until that date (i.e., the two-year statute of limitations did not expire until January 22, 2012). However, his habeas petition was denied as untimely. Hopper v. Jones, No. 09-CV-379-JHP-PJC, 2010 WL 364149, at *1 (N.D. Okla. Jan. 22, 2010). It did not call into question—let alone invalidate—his conviction or sentence.

Mr. Hopper also claims that the "60" day response time written on his summons for Defendants Wright and Hopper was forged. In both his motion for entry of default, R. 416, and his response to the Defendants' motion to dismiss, id. at 422–24, he claimed to have left the deadline for filing a response blank. We find no error in the district court's rejection of this contention.

Finally, we deny Mr. Hopper's request that Defendant Cain be ordered to pay the expenses of service. Mr. Hopper contends that he mailed a waiver form to Ms. Cain, which was never returned. He argues that he is entitled, under Fed. R. Civ. P. 4(d)(2), to the resulting expenses incurred. Mr. Hopper has proffered a return receipt, signed by Ms. Cain, as evidence that he sent a waiver form. However, the receipt provides no details concerning the documents delivered. Mr. Hopper simply fails to provide evidence that he complied with Rule 4(d)(1)'s requirements. See Flores v. Sch. Bd. of DeSoto Parish, 116 F. App'x 504, 508 (5th Cir. 2004) (unpublished) (noting the absence of case law requiring plaintiffs to produce proof of compliance with Rule 4(d)(1), but concluding that "the burden to show entitlement to costs and fees under other statutes does rest on the applicant" (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983))). Therefore, we agree with the

district court that Mr. Hopper has not demonstrated that his request for waiver met Rule 4(d)(1)'s requirements.

Mr. Hopper also argues that because Ms. Cain was never properly served, she was unable to file a motion to dismiss. As discussed, Mr. Hopper sent a waiver request form to Ms. Cain, which she acknowledged receiving. There is insufficient evidence that the waiver met Rule 4(d)(1)'s requirements, but it is undisputed that Ms. Cain received some type of notice of the claims against her. Further, her attorney appeared on her behalf in filing the motion to dismiss. "[A]n individual may submit to the jurisdiction of the court by appearance," and voluntary use of certain court procedures may constitute constructive consent to the personal jurisdiction of the court. Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703–04 (1982). In light of the fact that service—and personal jurisdiction more generally—is a due process protection for *defendants*, we conclude that Ms. Cain's notice of the suit plus her attorney's appearance gave the court jurisdiction to accept and grant her motion.

AFFIRMED. We DENY the motion to supplement the record as the material is unnecessary to our disposition.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge
